Determinations of respondent New York City Housing Authority, dated October 26, 2011, each terminating petitioner’s employment as an elevator mechanic on the grounds of incompetency and misconduct, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR *518 article 78 (transferred to this Court by order of Supreme Court, New York County [Peter H. Moulton, J.], entered April 2, 2013), dismissed, without costs.
The determinations are supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]), and the penalty of termination of employment does not shock our sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]). The record demonstrates that in addition to petitioner’s misconduct in purchasing cocaine while on duty, petitioner, on two separate occasions, carried out his job responsibilities in a manner that involved health and safety risks, and resulted in actual physical injury to others. Each of these situations posed a safety risk and thus when considered separately warrant termination. Furthermore, the fact that petitioner had an otherwise unblemished work history, does not warrant a different determination.
Concur—Acosta, J.P., DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.